UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MARISCAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF RIVERSIDE, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00089-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED<br><br>(ECF NO. 13)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

　　　　Omar Mariscal ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on January 17, 2020.  (ECF No. 1).  The Court screened Plaintiff's complaint, and found that it failed to state a claim because it failed to comply with Federal Rules of Civil Procedure 8, 18, and 20.  (ECF No. 3).  The Court allowed Plaintiff to choose between filing an amended complaint or notifying the Court that he wants to stand on his complaint.

　　　　Plaintiff filed his first Amended Complaint on February 27, 2020.  (ECF No. 4).  The Court screened the First Amended Complaint, and found that it failed to comply with Federal Rules of Civil Procedure 18 and 20.  (ECF No. 6).  Because Plaintiff appeared to have attempted to comply with the Court's prior order, and because "the court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court again allowed

1

Plaintiff to choose between filing an amended complaint or notifying the Court that he wants to stand on his complaint. (ECF No. 6).

On July 13, 2020, Plaintiff filed his Second Amended Complaint. (ECF No. 13). Plaintiff has once again failed to comply with Federal Rules of Civil Procedure 18 and 20. Additionally, it appears that Plaintiff is attempting to assert new and unrelated claims. Accordingly, the Court is only evaluating the first claim in Plaintiff's complaint, and finds that it should be dismissed because it is barred by the favorable termination rule. The Court will recommend that the rest of Plaintiff's claims be dismissed, without prejudice, because they are new and unrelated to the first claim.

Plaintiff has fourteen days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a

plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT

At times, Plaintiff's Second Amended Complaint is difficult to understand. What follows is the Court's best understanding of Plaintiff's allegations.

Plaintiff lists two claims in his complaint. In his first claim, Plaintiff appears to attempt to challenge his conviction and the duration of his sentence. Plaintiff sues two investigators and two probation officers, alleging that they "falsified allegation[s] with multiple charges with same & similar offenses to a violation of prior offenses that never occurred or to come in to [sic] existence." There was no DNA expert report by the doctors for the rape charges. Plaintiff also sues the prosecutor for misconduct because he did not have strong evidence before bringing the charges before the grand jury and did not present a DNA expert during the jury trial. Plaintiff also appears to allege that the prosecutor used false evidence. The sentencing judge ignored the law and sentenced Plaintiff to a hundred years to life. In his request for relief, Plaintiff states that he is challenging his wrongful conviction.

In his first claim, Plaintiff also alleges that "they'd never mail to me & denied my request to have all portion [sic] of my legal documents is a violation of my civil rights! Access to the court." Plaintiff does not specify who "they" are.

In his second claim, Plaintiff sues prison officials at California Correctional Institution and two Board of Parole Hearing commissioners. Plaintiff alleges that all convicted persons are supposed to receive a copy of any statement submitted by the Court, District Attorney, law enforcement agency, or defense counsel. This never happened. Plaintiff's family needs to go online and get his criminal case report.

\\\

\\\

\\\

### III. ANALYSIS OF PLAINTIFF'S CLAIMS

#### A. New and Unrelated Claims

A complaint must comply with the requirements of Federal Rules of Civil Procedure 18 and 20. Under these rules, a plaintiff may not proceed on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2). "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." K'napp v. California Dept. of Corrections, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation, 599 Fed. App'x. 791 (9th Cir. 2015) (alteration in original) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) ("Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

Plaintiff's claim challenging his conviction and sentence appears to be entirely unrelated to his claims regarding legal mail and denial of access to legal property. There appears to be no common defendants, issues of law, or issues of fact.[1]

Additionally, this appears to be the first time Plaintiff has asserted that he is not

---

[1] In his first claim Plaintiff does allege that "they'd never mail to [him] & denied [his] request to have all portion [sic] of [his] legal documents," but Plaintiff does not specify who "they" are.

receiving mail related to his criminal case and that he was denied access to his legal property, despite the Court's warning that, while the Court was granting leave to amend, the Court was not giving Plaintiff permission to add unrelated claims. (ECF No. 6, p. 9).

Accordingly, the Court will only evaluate the first claim in Plaintiff's complaint, that is, the claim challenging his conviction and sentence. The Court will recommend that the rest of Plaintiff's claims be dismissed, without prejudice, because they are new and unrelated to the first claim.

### B. Plaintiff's Claim Challenging his Conviction and Sentence

Plaintiff's claim is barred by the favorable termination rule.

"[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations and internal quotation marks omitted).

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. This favorable termination rule preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus, after exhausting appropriate avenues for relief. Muhammad v. Close, 540 U.S. 749, 750-751 (2004).

"The applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003). In Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996), the Court held that, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." But if the "action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be

allowed to proceed, in the absence of some other bar to the suit." Heck, 512 U.S. at 487.

Plaintiff appears to allege that he filed an appeal and a writ of habeas corpus regarding his conviction and sentence, but he lost his appeal and his writ of habeas corpus was denied. (ECF No. 13, p. 2). As Plaintiff is directly challenging his conviction and sentence but has not received a favorable termination, Plaintiff's section 1983 claim is barred by the favorable termination rule.

## IV. RECOMMENDATIONS AND ORDER

The Court has screened Plaintiff's Second Amended Complaint and finds that Plaintiff's first claim is barred by the favorable termination rule. The remainder of Plaintiff's claims should be dismissed, without prejudice, because they are new and unrelated to the first claim.

The Court does not recommend granting further leave to amend because the Court has provided Plaintiff with an opportunity to amend his complaint with the benefit of relevant legal standards, Plaintiff filed his Second Amended Complaint with the guidance of those legal standards, and Plaintiff failed to correct the deficiencies identified by the Court. The Court notes that Plaintiff has already been granted leave to amend twice.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's claim challenging his conviction and sentence be dismissed with prejudice;
2. All other claims be dismissed without prejudice; and
3. The Clerk of Court be directed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394

(9th Cir. 1991)).

    Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **July 21, 2020**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE